ARTHUR L. MALLARD AND JUANITA MALLARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mallard v. Commissioner
Docket No. 32761-87.
United States Tax Court
T.C. Memo 1988-334; 1988 Tax Ct. Memo LEXIS 363; 55 T.C.M. (CCH) 1390; T.C.M. (RIA) 88334; July 29, 1988. Frederick George Helmsing, for the petitioner. Frank Simmons, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION *364 SHIELDS, Judge: By notice of deficiency dated March 4, 1987, respondent determined that deficiencies in income tax and additions to tax are due from petitioners as follows: ADDITIONS TO TAX
Section [1]
Section
Section
YEAR
DEFICIENCY
6651(a)(1)
6653(a)(1)
6653(a)(2)
1976
$  15,105 $  3,776
$    763
1977
25,874   6,469
1,306
1978
52,957  13,239
2,648
1979
153,602  38,401
7,827
1980
424,431  42,443
21,365
1981
332,243  83,061
16,741
50% of the
interest due
on $ 334,819
The case is before us at this time on respondent's motion to dismiss for lack of jurisdiction. The issue is whether the notice of deficiency was mailed by respondent to petitioners at their last known address within the meaning of section 6212(b)(1). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto *365 are incorporated herein by reference. Petitioners, Arthur L. Mallard and Juanita Mallard, resided in Mobile, Alabama, at the time their petition was filed. They have been married since 1969 but have lived separately since about 1978. Juanita Mallard has continuously resided and received mail and telephone calls at 1108 Highway 90 Drive West, Mobile, Alabama 36609 (the Highway 90 address) from 1974 until the hearing on respondent's motion on January 7, 1988. Arthur L. Mallard resided at the Highway 90 address from the early 1970's until the separation of the parties in 1978. From about the time of their separation until the date of the hearing he had lived for about five years at 1004 Pace Parkway and for about five years at 2301 Lantern Lane West, Mobile, Alabama, but during these periods he continued to receive at least some of his mail and telephone calls at the Highway 90 address. In the 1987 telephone directory for Mobile his address is shown as being 1108 Highway 90 Drive. His name (A. L. Mallard) was on the mail box at the Highway 90 address in December of 1987 and was still there at the date of the hearing. On September 6, 1978 respondent determined a deficiency *366 in petitioners' 1974 income tax and sent a notice of the deficiency to petitioners at the Highway 90 address by certified mail. Petitioners timely petitioned this Court (Docket No. 13480-78) for a redetermination of the 1974 deficiency and alleged in their petition that their legal residence was at the Highway 90 address. From 1978 until the 1974 tax dispute was finally resolved in 1984, both petitioners and respondent used the Highway 90 address for correspondence. However, in the meantime on May 29, 1981 petitioners had filed an untimely joint income tax return for each of the years 1976 through 1980 and on October 15, 1982 they filed a joint return for 1981. On each of these returns petitioners used as their address 2891 Mill Street, Mobile, Alabama 36607 (the Mill Street address) which is the location of Mr. Mallard's business. The Mill Street address was also used by petitioners on their joint returns for the years 1982 through 1985, which returns were all filed on or about March 18, 1986. Prior to March 4, 1987 respondent's agents met with Mr. Mallard at his Mill Street address. The arrangements to meet at that address, however, were made by the agents by contacting *367 Mr. Mallard at or through the Highway 90 address. Respondent's attempts to correspond with petitioners at the Mill Street address during the examination of the returns for 1976 through 1981 were unsuccessful because mail directed to them at the Mill Street address was returned undelivered. During the examination of the 1976 through 1981 returns and in their collection efforts during such period respondent's agents were aware that 2891 Mill Street was Mr. Mallard's business address. However, Mr. Mallard repeatedly led the agents to believe that Highway 90 was the residence address of both petitioners. For instance, on December 8, 1983, in a question and answer interview, Mr. Mallard informed Revenue Agent Caroll Butler that his current address was 1108 Highway 90 Drive. Again on March 25, 1985 he signed under penalties of perjury and gave to Revenue Officer Virginia Andreades a Collection Information Statement (Form 433-A) in which petitioners' address was shown as 1108 Highway 90. And in deposition taken on January 11, 1984 Mr. Mallard stated while under oath that he resided at that time at 1108 Highway 90 Drive, Mobile, and that he had lived there for about ten years. It *368 is for this reason that in their dealings with petitioners both addresses were used by the agents to contact petitioners. In other words, when their attempts to contact petitioners at the Mill Street address were unsuccessful, the agents attempted to contact them by mail or telephone at the Highway 90 address and vice versa. The following table chronologically summarizes the use by the parties of the Highway 90 and the Mill Street addresses: Respondent's office
Type of document
receiving or
Date
or correspondence
Address
originating document
9/6/78
Notice of deficiency
Highway 90
Birmingham
for 1974
5/22/81
1976-1980 Returns
Mill St.
Birmingham
10/15/82
1981 Return
Mill St.
Mobile
12/8/83
Taxpayer Interview
Highway 90
Mobile
by Rev. Agt. Butler
Various
Correspondence
Highway 90
Birmingham
re 1974 case
1/26/84
Letter from Revenue
Mill St.
Mobile
Agent Emanuel
3/22/84
Letter from
Mill St.
Atlanta
Mr. Mallard
6/13/84
Letter from Asst.
Highway 90
Birmingham
Dist. Counsel
2/15/85
Notice of Intention
Mill St.
Mobile
to Levy (1974, 1981)
3/25/85
Form 433-A
Highway 90
Mobile
3/18/86
1982-1985 Returns
Mill St.
Atlanta
3/4/87
Notice of
Highway 90
Birmingham
Deficiency for
1986 - 1981
8/3/87
Statement of Change
Mill Street
Atlanta
to Account (1981)
8/31/87
Statements of Change
Mill Street
Atlanta
to Account (1977-1980)
9/23/87
Notices of Intention
Mill St.
Atlanta
to Levy (1977-1980)
*369 Respondent's letters of January 26, 1984 and February 15, 1985 were sent by certified mail to the Mill Street address, but were returned as "unclaimed." Respondent's notice of deficiency dated March 4, 1987 for the years 1976 through 1981 was sent by certified mail to petitioners at the Highway 90 address. On March 5, 1987 a letter carrier for the post office department attempted to hand deliver the notice to petitioners at that address. Receiving no response at the address, the letter carrier in accordance with postal procedure, filled out and left a Postal Service Form 3849-A in petitioner's mailbox notifying them that a piece of certified mail addressed to them could be picked up at their post office. On March 13, 1987, a second attempt to hand deliver the notice to petitioners at the Highway 90 address was made by the letter carrier and when it also failed the letter carrier left a second Form 3849-A in their mailbox. While placing the second notice in the box the letter carrier noted that the first notice had been removed. On March 20, 1987, the notice of deficiency was stamped "unclaimed" by the postal authorities and return to respondent's Birmingham office with notations *370 which indicated that delivery had been attempted on two occasions. Petitioners filed their petition on September 30, 1987 or 210 days after the notice of deficiency was mailed by respondent. OPINION Respondent contends that we do not have jurisdiction, because the petition was not filed within 90 days of the date the notice of deficiency was mailed as requested by section 6213(a). Petitioners contend that the notice is invalid because it was not mailed to their last known address within the meaning of section 6212(b)(1). They claim that their last known address at the time the deficiency notice was issued was the Mill Street address and not the Highway 90 address used by respondent. The parties agree that our jurisdiction depends upon the issuance of a valid notice of deficiency and the timely filing of a petition for a redetermination of such deficiency. Rule 13; secs. 6212, 6213; . See also ; , affd. without published opinion ; . *371 Petitioners do not dispute the untimeliness of their petition or that we have no jurisdiction over the merits of their case. Rule 13; sec. 6213. They argue that the notice of deficiency was not mailed to the correct address and, therefore, was invalid when issued, and we should dismiss the case for lack of jurisdiction on that ground. See . A notice of deficiency properly mailed to a taxpayer's last known address is valid whether or not received by the taxpayer. Sec. 6212(a) and (b)(1); ; , affd. without published opinion . The phrase "last known address" is not defined by the Internal Revenue Code or by the regulations. In previous cases however, we have found that it means "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." . *372 Due diligence must be used by the Commissioner in determining the taxpayer's last known address. ;;. The question of whether he has properly exercised due diligence in a given case is one of fact to be determined from all of the surrounding facts and circumstances. , affg. a Memorandum Opinion of this court; ; Generally speaking, respondent is entitled to treat the address appearing on the return for the year in question as the taxpayer's last known address in the absence of a clear and concise notification of a new address. , affd. without published opinion . However, there may be more than one address last known to respondent within the meaning of section 6212(b)(1), and if the notice of deficiency is properly mailed to any one *373 of them, the notice is valid. See . [2] If more than one address is known to respondent and there is doubt as to which is correct, respondent's procedural manual directs that a duplicate original notice be sent to each address. Sec. 4462.1(3), Internal Revenue Manual (3/29/85). In the case before us, the Mill Street address was shown by petitioners on their returns for the years in dispute, 1975 through 1981. It was also used on their most recent returns, those for 1982 through 1985 all of which were filed in March 1986. However, in our determination of whether the notice was sent to the proper address we must not only consider these facts but all of the facts and circumstances known to respondent at the time he mailed the notice and conclude whether or not under such facts and circumstances respondent reasonably concluded that the Highway 90 address was the permanent or legal residence of petitioners. See , *374 and From the record as a whole, it is clear that at the time the notice was issued respondent knew the following: (1) In a previous case which was not closed out until 1984, petitioners had received certified and other mail from respondent at the Highway 90 address, and in the earlier case had used that address on the return involved, their petition to this Court, and in correspondence with respondent; (2) On the returns involved in the instant case and on returns for subsequent years the Mill Street address had been used by petitioners and respondent's agents had met with Mr. Mallard at the Mill Street address after making arrangements through telephone calls or mail directed to the Highway 90 address; (3) Certified mail previously directed by respondent to petitioners at the Mill Street address was returned "unclaimed"; (4) Mr. Mallard had informed respondent's agents and others that his current residence was at the Highway 90 address; and (5) Correspondence and telephone calls directed by respondent to petitioners at the Highway 90 address prior to the issuance of the statutory notice on March 4, 1987 had been successfully completed *375 or delivered. Under the facts and circumstances outlined above which were known to respondent at the time the notice was issued the conclusion is inescapable that respondent reasonably believed that Highway 90 address was the proper address for the notice. With regard to whether under the circumstances respondent should have mailed a duplicate notice to petitioners at the Mill Street address, we are satisfied that with the known unreliability of the Mill Street address respondent exercised due diligence in concluding that the notice should be directed to the Highway 90 address and the mailing of a duplicate notice to the Mill Street address would serve no useful purpose. As we stated in , "It might have been reasonable for [respondent's agent] to adopt a different course * * * but surely it must be recognized that there was reason for the course that he adopted." Further support for this conclusion is found in the fact that Mrs. Mallard admittedly resided at the Highway 90 address from 1974 to the date of the hearing, and regularly received both mail and telephone calls *376 there. We also reject petitioners' unsupported assertion that under the circumstances of this case they cannot be considered as having authorized respondent to use the Highway 90 address for the notice. To the contrary, it is apparent that petitioners repeatedly provided the Highway 90 address to respondent, used that address on several occasions to receive correspondence including certified mail from respondent, and were contacted by telephone at that address by respondent's agents during the examination of petitioners' returns. Furthermore, the record contains no evidence of any objection by petitioners to the repeated use of the Highway 90 address by respondent. This case does not involve a notice directed to an incorrect or erroneous address or the mishandling by respondent of a notice of a taxpayer's change of address. See for example We are convinced from the record before us that the reason petitioners did not receive the notice of deficiency was simply their refusal [3] to pick it up from the post office even though notice of it was placed in their mailbox on two different occasions. We are equally convinced that their *377 failure to receive the notice was not because it was addressed incorrectly, mailed improperly, or because of respondent's failure to exercise due diligence in determining their last known address. We conclude, therefore, that the notice of deficiency was validly issued, the petition was untimely, and respondent's motion to dismiss for lack of jurisdiction should be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Also see , affd. without published opinion . ↩
3. See . ↩